IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0479 |
| | § | |
| | § | |
| | § | |
| JEFFREY FEINGOLD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

On February 4, 2009, Alliantgroup, L.P., a Texas limited partnership, sued Jeffrey Feingold in Texas state court.  Alliantgroup asserted claims for breach of an employment contract, conversion, and tortious interference, alleging that Feingold misappropriated customer lists and confidential or proprietary information and had disclosed that information to third parties.

On February 18, 2009, Feingold removed to this court on the basis of diversity jurisdiction.  (Docket Entry No. 1).  Alliantgroup moved to remand, arguing that Feingold waived his right to remove to federal court because his employment agreement provides that "[t]he sole venue for disputes arising hereunder shall be in Houston, Harris County, Texas." (Docket Entry No. 10).  Feingold responded, (Docket Entry No. 15).  Alliantgroup also moved for attorney fees and costs and sanctions against defense counsel for filing the notice of removal.  (Docket Entry No. 10).

Based on the pleadings, the motion and response, and the applicable law, this court denies Alliantgroup's motion to remand and denies the motions for sanctions and fees.[1]  The reasons are explained below.

## I.      Background

Feingold entered into an employment contract with Alliantgroup on September 9, 2007.  Feingold agreed to promote Research and Development Tax Credit Studies and other tax services on behalf of Alliantgroup in exchange for salary and commission.  During his employment with Alliantgroup, Feingold had access to confidential business materials and client information.  On January 13, 2008, Feingold resigned from his position with Alliantgroup and began working for Kahn, Litwin, & Renza Co., Ltd.  Alliantgroup alleges that Feingold has been marketing the Research and Development Tax Credit information he obtained while employed by Alliantgroup and has solicited Alliantgroup clients on behalf of Kahn, Litwin, & Renza.

On February 4, 2009, Alliantgroup sued Feingold in the 129th Judicial District of Harris County, Texas, seeking a temporary restraining order and expedited discovery.  A hearing was scheduled for February 5, 2009.  Shortly before the hearing, Feingold retained a Houston attorney, Laura Coe, for the limited purpose of representing him at the hearing.  Coe appeared at the hearing and opposed Alliantgroup's requests for a temporary restraining

---

[1]  Feingold moved for an extension of time to file an original answer because he was in the process of retaining new counsel and could not meet the February 25, 2009 deadline, (Docket Entry No. 8), and Alliantgroup responded, (Docket Entry No. 11).  The motion is granted.  Feingold must file an answer by **March 22, 2009**.

order and expedited discovery.  The state court judge ordered Feingold to appear in Houston for his deposition on or before February 11, 2009.

On February 6, Alliantgroup noticed Feingold's deposition for February 11 in Houston.  Coe responded that "due to a number of prior commitments, it will be virtually impossible for me to present Mr. Feingold in Houston by February 11, 2009." (Docket Entry No. 10, Ex. C).  She offered to make Feingold available for a deposition on or after February 13, 2009 and asked that the deposition be conducted via teleconference.  Alliantgroup did not agree.  (*Id.*).  On February 10, 2009, Feingold moved to quash the deposition notice because he had "family, medical, and professional obligations that ma[de] it impossible for him to attend his deposition in Houston, Texas."

Feingold retained a Massachusetts lawyer, Christopher Bell.  On February 10, Bell wrote Alliantgroup and expressed his surprise that Alliantgroup had not agreed to the requested deposition changes "as a matter of professional courtesy." (Docket Entry No. 10, Ex. D).  Bell told Alliantgroup that Feingold intended to file a "complaint with the Massachusetts Attorney Generals Office regarding Alliantgroups violations of Massachusetts law. . . . Alliantgroup could be subject to criminal and civil forfeitures . . . ." (*Id.*).  Bell stated that although he could not prevent Feingold from filing this complaint, he believed Feingold "would be willing to delay filing it in an attempt to settle this case amicably" and that "[a]t a minimum, it would behoove all parties to delay the deposition." (*Id.*).

On February 10, 2009, Coe moved to withdraw as counsel for Feingold due to an "irreconcilable breakdown" in the attorney-client relationship.  The state court judge took the

3

motion under advisement and stated that Coe was still Feingold's counsel of record.

Feingold did not appear in Houston for his February 11 deposition. Coe informed Alliantgroup that Feingold's position was that he "did not understand that he had to appear in person for his deposition." (Docket Entry No. 10, Ex. E). On February 16, 2009, Alliantgroup moved to compel Feingold's deposition and moved for sanctions and contempt against Feingold. The state court scheduled a hearing on these motions for February 20, 2009.

Feingold removed to this court on February 18, 2009 on the basis of diversity jurisdiction. (Docket Entry No. 1). The notice of removal states that the parties are diverse because Alliantgroup is a Texas company and Feingold is a Massachusetts resident and that the allegations of the state court petition clearly show that Alliantgroup seeks at least $75,000. (*Id.*). Alliantgroup does not dispute that diversity jurisdiction is present. Alliantgroup contends that Feingold waived his right to remove by agreeing to the following clause in his employment agreement:

> This Agreement shall be governed in all respects, including, but not limited to, validity, interpretation, effect and performance by the laws of the State of Texas. The parties agree that proper subject matter and personal jurisdiction shall be had solely in the State of Texas. The sole venue for disputes arising hereunder shall be in Houston, Harris County, Texas.

(Docket Entry No. 10, Ex. A). Feingold argues that this clause is not a waiver of his right to remove to federal court.

At a hearing held on February 27, 2009, this court granted Coe's motion to withdraw and Bell substituted in as counsel for Feingold. The parties asked for a prompt ruling on the

4

motion to remand.

## II.     The Motion to Remand

### A.     The Legal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  28 U.S.C. § 1441.  However, "a party may waive its removal rights by contract-even without use of 'explicit words, such as 'waiver of right of removal .'"  *Collin County*, *Tex. v. Siemans Bus. Servs.*, *Inc.*, 250 Fed. App'x 45, 2007 WL 2908926 at *4 (5th Cir. Oct. 3, 2007) (quoting *Waters v. Browning-Ferris Indus.*, *Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)).  Waiver may occur when "the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard," *Waters*, 252 F.3d at 797, or the contract provides for exclusive jurisdiction or venue in state court.  "For a forum selection clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right."  *City of New Orleans v. Municipal Admin. Servs.*, *Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (internal quotations omitted), *cert. denied*, 543 U.S. 1187, 125 S.Ct. 1396, 161 L.Ed.2d 189 (2005); *see also N. Am. Specialty Ins. Co. v. Debis Fin. Servs.*, *Inc.*, 513 F.3d 466, 470 (5th Cir. 2007)(waiver requires the intentional relinquishment of a known right).  "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another."  *Id.*  "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  *Id.*  If the language in the forum-selection clause is not

clear, unequivocal, and mandatory, the clause is permissive and jurisdiction in other courts is not precluded. *See id.*

### B.    Analysis

Alliantgroup argues that "Feingold signed an agreement specifying the state court as the forum to settle disputes; thus, Defendant Feingold waived his right to removal." (Docket Entry No. 10, at 4). Alliantgroup relies on *Waters v. Browning-Ferris Industries*, *Inc.*, 252 F.3d 796, 797-98 (5th Cir. 2001), and *Snapper*, *Inc. v. Redan*, 171 F.3d 1249, 1261-62 (11th Cir. 1999), to argue that Feingold's employment contract waived his right to remove. Feingold argues that the forum-selection clause in his employment agreement did not waive his right to remove because it did not give Alliantgroup the right to choose the forum in which any dispute will be heard. He also contends that the agreement did not state that disputes had to be adjudicated in state court. Feingold argues that he only consented to jurisdiction and venue in the courts located in Houston, Harris County, Texas, which includes both the state and federal courts sitting in Houston.

In *Waters*, the contract stated that the defendant consented to service in Texas and that the defendant "irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts." 252 F.3d 797. The Fifth Circuit held that this clause was an unambiguous waiver of the right to remove because the defendant agreed that it could be

6

sued in any court in Texas, that it consented to the jurisdiction of any such court in Texas, and that it waived "any objection it may have to the laying of venue of any such suit." *Id.* In *Snapper*, the defendants agreed that "any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as *Creditor may elect*. By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile." 171 F.3d at 1260 (emphasis added). The court interpreted the language that the defendant waived "whatever rights may correspond to it by reason of its . . . domicile" to include waiver of the right to remove. *Id.* The court concluded that allowing removal from the state forum that the creditor had elected would contradict the contract. *Id.* By contrast, in this case, Feingold agreed to jurisdiction and venue in Houston, Harris County, Texas, but did not waive any objection to the "laying of venue" or to the plaintiff's selection of the tribunal. Moreover, the employment agreement did not give either party the "right to choose the forum" where disputes will be heard.[2]

Since *Waters*, courts in the Fifth Circuit have provided further guidance on when a forum-selection clause meets the high bar the case law sets for a waiver of the right to

---

[2] *Snapper* is also inapplicable because the Eleventh Circuit rejected the "clear and unequivocal" standard for contractual waiver of removal that is followed by the Fifth Circuit. *See Snapper*, 171 F.3d at 1261 (disagreeing that "such a high standard is required or desirable" and reasoning that "ordinary contract principles govern a contractual waiver" of removal).

remove to federal court.  In *Dixon v. TSE Intern. Inc.*, 330 F.3d 396 (5th Cir. 2003), the forum-selection clause provided that the parties agreed to litigate all relevant disputes in the "Courts of Texas."  *Id.* at 397.  The court held that this clause waived the defendant's right to remove to federal court.  *Id.* at 398.  The court explained that Texas federal courts are geographically located in Texas but are not courts *of* Texas because "*of*" denotes possession. *Id.*  The court in *Ensco Int'l Inc. v. Certain Underwriters at Lloyd's*, No. 3:07-CV-1581-O, 2008 WL 958205 (N.D.Tex. April 8, 2008), reached a similar conclusion.  In that case, the plaintiffs sought remand on the basis that a forum-selection clause in the insurance policies, giving the "Courts of Dallas County, Texas" exclusive jurisdiction over any disputes, expressly waived the defendants' right to remove.  2008 WL 958205, at * 1.  The court held that the defendants waived their right to remove because "based on the plain language of the forum selection clause . . . the state courts of Dallas County, Texas have exclusive jurisdiction over Plaintiff's claims against Defendants."  *Id.* at *3; *see also Ondova Limited Co. v. Manila Industries*, *Inc.*, 513 F.Supp.2d 762, 773 (N.D. Tex. 2007) (holding that the defendant waived the right to remove by agreeing to "accept the exclusive jurisdiction of any Court of competent jurisdiction sitting in and for the County of Dallas" because "[n]o federal court sits 'in and for the County of Dallas'").

In *WDMG*, *L.C.C. v. Sirius Satellite Radio*, *Inc.*, 2008 WL 4998783 (N.D. Tex. Nov. 21, 2008), the court held that the forum-selection clause at issue was squarely governed by *Waters*.  The clause stated that the defendant submitted to the "nonexclusive jurisdiction of the United States District Court for the Northern District of the State of Texas and the state

8

courts of Dallas County, Texas" and agreed to waive "any objection to the laying of venue . . . in the United States District Court for the Northern District of the State of Texas or the state courts of the State of Texas located in Dallas County, Texas." *Id.* at *1. The court concluded that this clause was virtually identical to that examined in *Waters*, under which the defendant agreed that it could be sued in any court in Texas, that it consented to the jurisdiction of any such court in Texas, and that it waived "any objection it may have to the laying of venue of any such suit." *Id.* at *2. The defendant argued that the clause was distinguishable from *Waters* because consent to nonexclusive jurisdiction does not unambiguously waive the right to remove to another court. The court rejected this argument, explaining that the defendant in *Waters* had consented to the jurisdiction of "each" court in Texas and the Fifth Circuit found waiver of the right to remove. *Id.* The *WDMG* court interpreted the clause at issue to mean that "the consenting party not only waived its right to filing a change of venue motion, but also any right to attempt to change the forum chosen by plaintiff." *Id.*

In *IMCO Recycling, Inc. v. Warshauer*, 2001 WL 1041799 (N.D. Tex. Aug. 31, 2001), the court held that the defendant did not waive its right to remove by consenting to "the personal jurisdiction of the state and federal courts located in Dallas County, Texas" for any suit arising out of the contract. *Id.* at *1. The clause at issue also provided that the defendant waived "any defense of inconvenient forum, to the maintenance of any action or proceeding in any such court, any objection to venue with respect to any such action or proceeding, and any right of jurisdiction on account of the place of residence or domicile." *Id.* at *4. The

9

court interpreted this clause to mean that the defendant could not object to forum, venue, or personal jurisdiction and had effectively "signed himself up, lock, stock, and barrel, to litigate in a state or federal court located in Dallas County, Texas." *Id.* But that did not mean the defendant could not remove an action initially filed in state court to federal court, as long as the federal court to which he removed was located in Dallas County, Texas. *Id.*

When a forum-selection clause requires venue in a county with no federal courthouse, a defendant sued in state court in that county waives the right to remove. In *Argyll Equities, LLC v. Paolino*, 211 Fed. Appx. 317 (5th Cir. Dec. 28, 2006), the contract provided that "the courts sitting in Kendall County, Texas, United States of America" would have "exclusive jurisdiction" over any disputes. *Id.* at 318. The court held that the defendant waived removal because although Kendall County was part of a federal judicial district, there was no federal court sitting in Kendall County. *Id.* at 319; *see also Greenville Elec. Utility System v. North Pacific Group, Inc.*, No. 3-01-CV-0758-BD, 2001 WL 804521, at *2 (N.D. Tex. July 6, 2001) (holding that the defendant waived removal where the forum-selection clause provided that "venue for any litigation arising from this contract shall lie in Greenville, Hunt County, Texas" and there was no federal courthouse in Greenville).

The Fifth Circuit in *Collin County, Tex. v. Siemans Bus. Servs., Inc.*, held that the term "county" in a forum-selection clause does not mean that the defendant waived the right to remove to federal court. 2007 WL 2908926 at *5. In that case, the parties' contract stated that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas." *Id.* at *1. The district court ordered remand because there was no federal

10

courthouse in Collin County and because the clause referred to a "county" rather than a "district." *Id.*   The Fifth Circuit agreed that the right to remove was waived because no federal courthouse was in the county, but disagreed that the right to remove to federal court was waived because the clause referred to a "county" rather than a "district." *Id.* at *5.   The court concluded that the district court had improperly relied on *Excell*, *Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997), in reaching that conclusion.   The clause at issue in *Excell* stated that "jurisdiction shall be in the State of Colorado and venue shall lie in the County of El Paso, Colorado." *Id.*   Citing the federal venue statute, 28 U.S.C. § 1391, the *Excell* court held that the defendant waived removal because venue in the federal system is not stated in terms of "counties" but in terms of "judicial districts." *Id.*   The Fifth Circuit noted that "section 1441(a), and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases." *Id.* (citations omitted).   Section 1441 "permits removal of certain actions from state court 'to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* (citations omitted).   The Fifth Circuit concluded that while Section 1441 does use the terms district and division, "it does so only in relation to *location* of the federal court that may hear the removed case." *Id.*   The court held that the term "county" rather than "district" did not clearly waive federal jurisdiction. *Id.*[3]

---

[3] Courts outside the Fifth Circuit have also interpreted forum selection clauses, such as the one at issue in this case, to determine whether litigation is permitted in federal court. *Compare Regis Assoc. v. Rank Hotels (Mgmt) Ltd.*, 894 F.2d 193, 195-96 (6th Cir. 1990) (clause stating that parties "hereby submit to the jurisdiction of the Michigan Courts" held

Applying these precedents leads to the conclusion that Feingold did not waive his right to remove by signing the employment agreement.  The clause at issue is not a clear, unequivocal waiver of the right to venue in federal court.  It does not provide for exclusive venue in the courts *of* Houston, Harris County, Texas.  The clause states that the parties chose Texas law and agreed to personal and subject-matter jurisdiction solely in Texas and to venue solely in Houston, Harris County, Texas.  The fact that the clause uses the term "Harris County" does not mean Feingold only consented to venue in a Texas state court and thereby waived his right to remove.  Properly interpreted, the clause means that Feingold consented to jurisdiction and venue in any court located in Houston, Harris County, Texas, including this court, and to have Texas state law apply.[4]  Feingold did not waive any

---

to include federal district courts in Michigan); *Links Design*, *Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D.Fla. 1990) (clause stating that the proper venue for any legal action in connection with agreement "shall be Polk County, Florida" held to include federal district court for the district including Polk County); *International Ass'n of Bridge*, *Structural and Ornamental Iron Workers v. Koski Constr. Co.*, 474 F.Supp. 370, 371-72 (W.D.Pa. 1979) (clause stating that proper venue for any action for violations of the agreement "shall be in Erie County, Pennsylvania" held to include federal district court for the Western District of Pennsylvania); *with Excell*, 106 F.3d at 321 (clause referring only to county and not to "judicial districts" held to refer only to state courts, not federal courts); *Milk 'N' More*, *Inc. v. Beavert*, 963 F.2d 1342, 1345-46 (10th Cir. 1992) (clause stating that "venue shall be proper under this agreement in Johnson County, Kansas" held to refer only to the state court in that county); *Intermountain Sys.*, *Inc. v. Edsall Constr. Co.*, 575 F.Supp. 1195, 1198 (D.Colo. 1983) (phrase, "venue shall be in Adams County, Colorado" held to refer only to state court in that county).

[4] The fact that the parties agreed that jurisdiction "shall be had solely in the State of Texas" and that Texas state law would govern does not affect the waiver analysis.  *See Finnegan v. HW Gulfport Condos*, *LLC*, 2008 WL 80940, at *2 (S.D. Miss. Jan. 7, 2008) (holding that defendant did not waive removal where contract provided that disputes would be "governed by the laws and statutes of the State of Mississippi, and jurisdiction and venue

objection to venue.  Nor did he agree that Alliantgroup would have "the right to choose forum" in which any dispute would be heard.  Feingold did not waive his right to remove a suit to federal court.  Alliantgroup's motion to remand is denied.

## III.    The Motions for Sanctions and Fees

AlliantGroup has moved for sanctions against Feingold's attorney, arguing that she filed the notice of removal to delay Feingold's deposition and the hearings in state court on AlliantGroup's motion for a temporary injunction, motion for sanctions, and motion to hold Feingold in contempt.  Feingold argues that sanctions are inappropriate because the removal was proper.

A district court has broad discretion in determining whether a sanction is warranted and what sanction is appropriate.  *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 404 (1990).  The test for imposing Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances.  *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988).  Rule 11 sanctions are a coercive mechanism available to trial court judges to enforce ethical standards on attorneys appearing before them.  Sanctions are

---

for such dispute shall be in Harrison County"); *Little League Baseball*, *Inc. v. Welsh Publ'g Group, Inc.*, 874 F.Supp. 648, 655 (M.D.Pa.1995) (finding no waiver in a contract that provided that the agreement "shall be construed in accordance with the laws of the State of Pennsylvania in the Court of Common Pleas of Lycoming County. All parties hereto consent to jurisdiction and venue in the State of Pennsylvania" because "[t]he first sentence is merely a statement that the law of Pennsylvania, as construed by the Court of Common Pleas of Lycoming County, applies for purposes of interpreting the contract. . . . The second sentence indicates that the parties consent to jurisdiction and venue within the Commonwealth of Pennsylvania. An action filed consistent with this provision may be removed. This provision cannot be read as specifically providing a waiver of the right to removal.").

to be imposed with "restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). Rule 11(c)(2) requires that a party seeking sanctions must serve the Rule 11 motion on the opposing party and may not file the motion with the district court unless the offending filing is not withdrawn or corrected within 21 days after service. FED. R. CIV. P. 11(c)(2). A motion for sanctions must be made separately from any other motion. *Id.* The record does not show that AlliantGroup complied with the procedural requirements for seeking sanctions under Rule 11. Moreover, sanctions against Feingold's counsel are not warranted because removal was proper.

AlliantGroup also seeks an award of attorney fees and costs under 28 U.S.C. § 1447(c). That section authorizes the court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal." The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Feingold had an objectively reasonable basis for seeking removal and it was proper. The motion for fees and costs is denied. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993) (holding that attorney fees and costs "should be awarded only if it was improper for the defendant to remove").

## IV.    Conclusion

Feingold did not waive his right to remove to federal court by signing his employment agreement. Because diversity jurisdiction provides a basis for removal, this court denies

14

Alliantgroup's motion to remand.  The motions for sanctions and attorney fees are denied.

Feingold must file an answer to the complaint no later than **March 22, 2009**.

SIGNED on March 2, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

15