## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0479 |
| | § | |
| | § | |
| | § | |
| JEFFREY FEINGOLD, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

On February 4, 2009, Alliantgroup, L.P., a Texas limited partnership, sued its former employee, Jeffrey Feingold, a Massachusetts citizen, in Texas state court. Alliantgroup asserted claims under Texas law for breach of its employment contract with Feingold; misappropriation of confidential or proprietary information; and tortious interference with contractual relationships. Alliantgroup alleged that when Feingold went to work for a competitor, he violated the contractual noncompetition provisions. Alliantgroup also alleged that Feingold took customer lists and confidential or proprietary information and disclosed that information to his new employer. Feingold removed to this court on the basis of diversity jurisdiction. (Docket Entry No. 1). This court denied Alliantgroup's motion to remand, (Docket Entry No. 18), and granted Alliantgroup's motion to expedite discovery, (Docket Entry No. 28). A temporary injunction hearing is scheduled for April 28, 2009. (*Id.*).

Feingold has moved to dismiss this suit on the basis that a Texas court cannot exercise personal jurisdiction over him. (Docket Entry No. 29). Alliantgroup has responded, (Docket Entry No. 33). Based on the pleadings, the motion and response, and the applicable law, this court denies Feingold's motion to dismiss for lack of personal jurisdiction. The reasons are explained below.

I.      **Background**

Feingold lives in Massachusetts. Alliantgroup is a tax consulting firm with its primary office in Houston, Texas. In the fall of 2007, Feingold traveled to Houston for a job interview with Alliantgroup. Feingold and Alliantgroup's Senior Manager Director, Dhaval R. Jadav, signed an Employment Agreement on September 9, 2007. In the Employment Agreement, Feingold agreed to promote Research and Development Tax Credit Studies and other tax services on behalf of Alliantgroup in exchange for salary and commission. The Employment Agreement did not expressly state that Feingold would perform his job duties exclusively in the State of Massachusetts. The Agreement contained an express choice-of-law, forum-selection and consent-to-personal jurisdiction clause, which stated as follows:

> *Choice of Law/Jurisdiction/Venue*:
>
> This Agreement shall be governed in all respects, including, but not limited to, validity, interpretation, effect and performance by the laws of the State of Texas. The parties agree that proper subject matter and personal jurisdiction shall be had solely in the State of Texas. The sole venue for disputes arising hereunder shall be in Houston, Harris County, Texas.

(Docket Entry No. 33, Ex. A-1, Art. IX, ¶ F). The Agreement also contained

noncompetition, nonsolicitation, and nondisclosure covenants. (*Id.*, Art. VII).

On January 13, 2009, Feingold resigned from Alliantgroup and began working for Kahn, Litwin, & Renza Co., Ltd., a certified public accounting firm based in Rhode Island with an office in Massachusetts. In this lawsuit, Alliantgroup alleges that Feingold has been working for a competitor and has been marketing the Research and Development Tax Credit information he obtained while employed by Alliantgroup and soliciting Alliantgroup clients on behalf of Kahn, Litwin, & Renza. Alliantgroup alleges violations of the noncompetition, nonsolicitation, and nondisclosure provisions of the Employment Agreement as well as common law torts of conversion, misappropriation, and tortious interference.

On February 4, 2009, Alliantgroup sued Feingold in Texas state court, seeking a temporary restraining order and expedited discovery. A hearing was scheduled for February 5, 2009. Shortly before the hearing, Feingold retained a Houston attorney, Laura Coe, for the limited purpose of representing him at the hearing. Coe appeared at the hearing on Feingold's behalf and opposed Alliantgroup's requests for a temporary restraining order and expedited discovery. The state court judge denied Alliantgroup's request for a temporary restraining order but granted expedited discovery. The court ordered Feingold to appear in Houston for his deposition on or before February 11, 2009 and scheduled a temporary injunction hearing for February 20, 2009.

On February 6, Alliantgroup noticed Feingold's deposition for February 11 in Houston. Coe responded that "due to a number of prior commitments, it will be virtually impossible for me to present Mr. Feingold in Houston by February 11, 2009." (Docket Entry

No. 10, Ex. C).  She offered to make Feingold available for a deposition on or after February 13, 2009 and asked that the deposition be conducted via teleconference.  Alliantgroup did not agree.  (*Id.*).  On February 10, 2009, Feingold moved for a continuance of the deadlines set by the state court judge.  (Docket Entry No. 33, Ex. B).

Feingold retained a Massachusetts lawyer, Christopher Bell.  On February 10, Bell wrote Alliantgroup and expressed his surprise that Alliantgroup had not agreed to the requested deposition changes "as a matter of professional courtesy."  (Docket Entry No. 10, Ex. D).  Bell told Alliantgroup that Feingold intended to file a "complaint with the Massachusetts Attorney Generals Office regarding Alliantgroup's violations of Massachusetts law. . . . Alliantgroup could be subject to criminal and civil forfeitures . . . ."  (*Id.*).  Bell stated that although he could not prevent Feingold from filing this complaint, he believed Feingold "would be willing to delay filing it in an attempt to settle this case amicably" and that "[a]t a minimum, it would behoove all parties to delay the deposition."  (*Id.*).

On February 10, 2009, Coe moved to withdraw as counsel for Feingold due to an "irreconcilable breakdown" in the attorney-client relationship.  The state court judge took the motion under advisement.

Feingold did not appear in Houston for his February 11 deposition.  Coe informed Alliantgroup that Feingold's position was that he "did not understand that he had to appear in person for his deposition."  (Docket Entry No. 10, Ex. E).  Alliantgroup noticed the deposition again, for February 13.  (Docket Entry No. 33, Ex. C).  On February 12, 2009,

4

Feingold moved to quash because he had "family, medical, and professional obligations that ma[de] it impossible for him to attend his deposition in Houston, Texas." (*Id.*). Feingold did not appear for the deposition noticed for February 13 in Houston. On February 16, 2009, Alliantgroup moved to compel Feingold's deposition and for sanctions, including contempt. The state court scheduled a show-cause hearing for February 20, 2009. On February 16, 2009, Feingold moved to continue the February 20, 2009 hearing. (Docket Entry No. 33, Ex. D). On February 18, 2009, Feingold removed to federal court. (Docket Entry No. 1). Two days later, he filed a motion for extension of time to file an answer because he was in the process of retaining new counsel. (Docket Entry No. 8). Alliantgroup moved to remand, (Docket Entry No. 10), and Feingold responded, (Docket Entry No. 15). At a hearing held on February 27, 2009, this court granted Coe's motion to withdraw and Bell substituted in as counsel for Feingold. (Docket Entry No. 16). This court granted Feingold's motion for extension of time to answer.

The motion to remand was denied. Alliantgroup moved to expedite discovery. (Docket Entry No. 20). Feingold responded, (Docket Entry No. 25), and filed an answer to the complaint and a counterclaim, (Docket Entry No. 27). On March 23, 2009, this court held a hearing on Alliantgroup's motion to expedite discovery. (Docket Entry No. 28). Feingold appeared via telephone and opposed the motion. (*Id.*). This court granted Alliantgroup's motion to expedite discovery, ordered Feingold to appear for his deposition in Houston, Texas on April 25 or 26, 2009, and scheduled a temporary injunction hearing for April 28, 2009. (*Id.*).

Feingold filed this motion to dismiss for lack of personal jurisdiction on March 30, 2009.  (Docket Entry No. 29).   Alliantgroup responded, (Docket Entry No. 33).

## II.     The Legal Standards

### A.     Rule 12(b)(2)

Feingold moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted).   "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  *Id.*  "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  *Quick Techs.*, *Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).   The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts."  *Stripling v. Jordan Prod. Co.*, *LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)) (additional citations omitted).  The court is not obligated to credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

### B.     Personal Jurisdiction

A federal court sitting in diversity may exercise personal jurisdiction over a

6

nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution.  *Delgado v. Reef Resort, Ltd.*, 364 F3d 642, 644 (5th Cir. 2004).  The Texas long-arm statute confers jurisdiction to the limits of due process. *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008); *see* TEX. CIV. PRAC. AND REM. CODE ANN. § 17.041–.045; *see also Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).  Due process permits the exercise of personal jurisdiction over a nonresident defendant when the defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."  *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson*, 20 F.3d at 647).  Alliantgroup has the burden of demonstrating facts sufficient to support personal jurisdiction over Feingold.

The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Wilson*, 20 F.3d at 647.  This case involves specific jurisdiction.  A court may exercise specific jurisdiction when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.  *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 446 U.S. 408, 414 n.8 (1984); *Religious Tech. Ctr.*, 339 F.3d at 375; *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002)).  To determine whether specific jurisdiction exists, a court must "examine the relationship

7

among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Const.,* 85 F.3d at 205; *Helicopteros Nacionales*, 466 U.S. at 414 n.8.  Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 475 (1985).  "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*., 9 F.3d 415, 419 (5th Cir. 1993) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  Specific jurisdiction requires a sufficient nexus between the nonresident defendant's contacts with the forum and the cause of action.  *Rittenhouse v. Mabry*, 832 F.2d 1380, 1390 (5th Cir. 1987).

As part of the minimum contacts analysis, a court evaluates any contracts, the parties' "actual course of dealing," and the parties' "prior negotiations and contemplated future consequences." *Burger King*, 471 U.S. at 479.  In a diversity case, when the out-of-state defendant has signed a contract agreeing to be sued in a specific venue and consenting to personal jurisdiction in that venue, federal law applies to determine whether the clause is enforceable.  *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir.1997) (citation omitted).  Under federal law, a "forum-selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995);

8

*see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 299 (5th Cir. 2004).

**III.     Feingold's Motion to Dismiss**

**A.     Whether Feingold Waived his Objection to Personal Jurisdiction**

Alliantgroup argues that Feingold waived his objection to personal jurisdiction in Texas by appearing several times in state court and in this court without expressly raising the objection.   Alliantgroup points to Feingold's participation in the state court proceedings, including the temporary restraining order hearing in state court, his motions for continuances, and his motion to quash the notice of his deposition.   Alliantgroup also asserts that Feingold did not object to personal jurisdiction in his first responsive pleading in federal court.

Whether Feingold's actions before removal waived his objection to personal jurisdiction is resolved under Texas law because state rules and procedures control until removal.   The federal court, upon removal, simply "takes the case up where the State court left it."   *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974); *see also Mobil Oil Co. de Venezuela v. Jimenez*, 948 F.2d 1282 (4th Cir. 1991)(unpublished) (holding that state law applied to determination of whether party waived objection to personal jurisdiction by actions taken before removal).   "Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of [the Federal Rules]."   *Nationwide Eng'g & Control Sys.*, *Inc. v. Thomas*, 837 F.2d 345, 347–48 (8th Cir. 1988).   Before removing to federal court, a defendant may lose his right to challenge personal jurisdiction if he has taken any action in the state court that under state law would waive that right.   *See id.*; *see also Hakemy v. Jackson*, No. Civ. A.

9

301CV0272P, 2001 WL 492378 *1–2 (N.D. Tex. May 4, 2001) (holding that the defendant was barred from objecting to personal jurisdiction by making a general appearance in the state court before removal, which waived personal-jurisdiction objections under state law); *S.M.W. Seiko*, *Inc. v. Howard Concrete Pumping Co.*, 170 F. Supp. 2d 152, 155–56 (D. N.H. 2001) (holding that the defendant waived the right to contest personal jurisdiction by filing a general appearance in the state court before removal).

Texas law distinguishes between a special and a general appearance by a nonresident defendant. A special appearance may be filed "prior to motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a.1. "Every appearance prior to judgment, not in compliance with this rule is a general appearance." *Id.* By filing a general appearance in Texas state court, a nonresident defendant submits to the exercise of personal jurisdiction by the Texas court. *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ). Rule 120a.1 states that the "use of discovery processes" is not a general appearance and "shall not constitute a waiver of [the] special appearance." Texas courts have held that appearing at a hearing on an application for a temporary restraining order, filing a motion for continuance, and filing discovery motions are not general appearances that waive personal jurisdiction objections. *See*, *e.g.*, *Silbaugh v. Ramirez*, 126 S.W.3d 88, 93–94 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that a motion to stay discovery and a motion to quash deposition were a "use of the discovery process" that did not waive the right to make a special appearance, even if the discovery was unrelated to the special appearance); *Turner v. Turner*, No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex. App.—Houston [14th

10

Dist.] Jan. 25, 1999, no pet.) (holding that an appearance at temporary restraining order hearing was not a general appearance that waived the personal-jurisdiction objection because the purpose of the hearing was merely to preserve the status quo and not to litigate the merits).  Feingold did not make a general appearance in Texas state court and did not waive his objection to personal jurisdiction before removal.

Feingold's postremoval litigation activity did not waive his objection to personal jurisdiction.  Rule 12 of the Federal Rules of Civil Procedure provides that objections to personal jurisdiction must be raised in a party's first responsive pleading or by motion before the responsive pleading is filed.  FED. R. CIV. P. 12(h).  Feingold raised the lack of personal jurisdiction in his first responsive pleading in this case, filed on March 20, 2009.  (*See* Docket Entry No. 27, Answer to Complaint and Counterclaim) ("Affirmative Defense #20: that Plaintiff has waived any claims against Defendant for lack of personal jurisdiction").  Feingold's motion for extension of time to answer is not a responsive pleading and his failure to object to jurisdiction in that motion did not waive his objection to a lack of personal jurisdiction.  *See United States v. 51 Pieces of Real Property*, *Roswell*, *N.M.*, 17 F.3d 1306, 1314 (10th Cir.1994) (noting that a motion to extend the time for filing a responsive pleading does not waive the defense of lack of personal jurisdiction); *S&D Trading Academy*, *LLC v. AAFIS*, *Inc.*, No. G-06-739, 2007 WL 3220167, at *5 (S.D. Tex. Oct. 26, 2007) (holding that the defendant's motion for extension of time to answer did not waive the objection to personal jurisdiction).  Nor did filing the counterclaim in this suit.  *See PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 461 (5th Cir. 2001) (noting that "the filing

11

of a counterclaim, cross-claim, or third-party claim does not, without more, waive an objection to personal jurisdiction").

Feingold's litigation activity did not waive his objection to personal jurisdiction.

### B.    Feingold's Texas Contacts

Alliantgroup argues that the Employment Agreement Feingold signed contained a valid provision choosing Houston, Texas as a mandatory forum for resolving disputes arising under the contract; choosing Texas law; and consenting to personal jurisdiction solely in the State of Texas.  Alliantgroup also argues that Feingold has established minimum contacts with Texas by entering into a "long-standing contractual relationship with a Texas corporation," interviewing in Alliantgroup's Houston office, using the Alliantgroup staff in Texas, sending "executed client contracts, agreements, and other various documents to Alliantgroup's Houston office," receiving and cashing paychecks drawn on a Texas bank, and submitting expense reports to the Houston office for payment.  (Docket Entry No. 33, at 7–8).  Feingold argues that these contacts with Texas are insufficient to establish specific personal jurisdiction and that the forum-selection, choice-of-law, and consent-to-jurisdiction clause is unenforceable and cannot provide the basis for exercising personal jurisdiction in Texas.

A forum-selection clause may be mandatory or permissive.  A clause is mandatory if the language clearly demonstrates the "parties' intent to make [the forum] exclusive."  *City of New Orleans v. Municipal Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. 2004); *Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 14 (5th Cir. 1995) ("This contract shall be

interpreted and construed in accordance with the laws of the State of Texas.  The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas.").  "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory."  *Von Graffenreid v. Craig,* 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003) (*citing Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997)); *see also Docksider, Ltd. v. Sea Tech., Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is clear from these and other cases that where venue is specified with mandatory language[,] the clause will be enforced.").  By contrast, courts have held forum-selection provisions permissive when the language does not prescribe venue or provide for exclusivity.  *See, e.g., Mun. Admin. Servs., Inc.,* 376 F.3d at 504–05 ("The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans . . . ."); *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127–28 (5th Cir. 1994) ("The laws of the Courts of Zurich are applicable."); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956 (5th Cir. 1974) ("This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York."); *K & V Scientific Co., Inc. v. Bayerische Moteren Werke Aktiengesellschaft,* 314 F.3d 494, 496, 500 (10th Cir. 2002) ("Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich.  All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany.").

The clause in the Employment Agreement states that "personal jurisdiction shall be

13

had *solely* in the State of Texas." The parties agreed that Houston would be the "*sole* venue" for resolving disputes. (Docket Entry No. 33, Ex. A-1, Art. IX, ¶ F) (emphasis added). The words "sole" and "solely" are a simple but clear limitation that not only permits but requires Houston, Texas to be the forum for this dispute. The clause is mandatory. A mandatory forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts, absent a showing of fraud or overreaching in creating the clause, enforce such consent. *See Kevlin*, 46 F.3d at 15.

In *M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1, 11 (1972), the Supreme Court held that forum-selection clauses in admiralty cases are presumptively valid and enforceable, noting that international cases raise significant uncertainty regarding the resolution of disputes because of the obvious fact that ocean-going vessels travel through many jurisdictions. "The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting." *Zapata Offshore*, 407 U.S. at 13–14. To overcome the presumption that a forum-selection clause is enforceable, the party challenging such a clause must make a "strong showing" that the clause is unreasonable. *Id.* at 15. In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), Justice Kennedy summarized the strong presumption in favor of the enforceability of forum-selection clauses as follows: "a valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Id.* at 33 (Kennedy, J., concurring).

The Supreme Court refined its analysis of forum-selection clauses in *Carnival Cruise*

14

*Lines, Inc. v. Shute*, 499 U.S. 585 (1991).  A passenger aboard a Carnival Cruise Lines ship filed a negligence suit in the state of Washington.  The ticket authorizing passage aboard the ship contained a clause requiring all disputed cases to be filed in the state of Florida.  Carnival Cruise Lines asserted the forum-selection clause as a defense.  The passenger attacked the clause because it was not the product of negotiation and tended to deprive the passenger of her day in court.  *Id*. at 590.  The Court rejected these arguments.  Even though the passenger did not and could not bargain for this forum-selection clause due to a lack of bargaining power, the Court held that forum-selection clauses in routine contracts of passage are enforceable so long as they are reasonable.  This type of clause is "subject to judicial scrutiny for fundamental fairness."  *Id*. at 595.  This clause limited Carnival Cruise Lines exposure to suits in multiple forums, eliminated passengers' confusion about where to file suit against Carnival Cruise Lines, and tended to reduce ticket prices.  The Court found the clause reasonable and enforceable.  *Id.*

In *Kevlin*, the Fifth Circuit enforced a contractual forum-selection clause and reversed the district court's dismissal for lack of personal jurisdiction.  46 F.3d at 15.  The plaintiff, a Texas resident, executed a contract with a North Carolina bank to administer benefit services to the bank's customers.  *Id.* at 14.  The contract provided that Texas law applied and that all disputes would be resolved in Dallas County, Texas.  *Id.*  After the plaintiff filed suit in Dallas County, the bank removed the case to federal court and moved to dismiss for lack of personal jurisdiction.  *Id.*  The district court dismissed the case, finding that the forum-selection clause was ambiguous and that plaintiff had otherwise failed to establish the

15

bank had minimum contacts with Texas. *Id.* The Fifth Circuit reversed, finding that the only reasonable interpretation of the contract was that proper venue was only in Dallas County, Texas. *Id.* at 15. The court held that "[b]ecause [the bank] has failed to sufficiently prove the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching, we find that the choice of forum provision validly contracts for venue in Dallas County, Texas, thereby granting the district court jurisdiction over [the bank]." *Id.*

Federal district courts in Texas have followed *Kevlin* and denied motions to dismiss for lack of personal jurisdiction when the defendant signed a contract containing a forum-selection clause that designated Texas. *See*, *e.g.*, *Total Petrochemicals USA*, *Inc. v. PCL Packaging*, *Inc.*, No. H-07-1574, 2007 WL 2300497, at *3 (S.D. Tex. Aug. 7, 2007) (denying motion to dismiss for lack of personal jurisdiction when the contract sued on contained a forum selection clause); *Rimkus Consulting Group*, *Inc. v. Cammarata*, No. H-07-0405, 2007 WL 1520993, *5 (S.D. Tex. May 22, 2007) (denying motion to dismiss for lack of personal jurisdiction based on employment agreement containing forum-selection clause); *XPEL Technologies Corp. v. Maryland Performance Works Ltd.*, No. SA-05-CA-0593-XR, 2006 WL 1851703 (W.D. Tex. May 19, 2006) (finding that party to agreement with Texas forum-selection clause consented to personal jurisdiction in Texas for suits arising out the agreement).

A mandatory forum-selection clause is enforceable unless the defendant shows that it is unreasonable. *See, e.g.*, *Carter v. Countrywide Credit Industries*, *Inc.*, 362 F.3d 294, 299 (5th Cir. 2004); *Hartash Const.*, *Inc. v. Drury Inns*, *Inc.*, 252 F.3d 436 (5th Cir. 2001) (per

curiam); *Haynsworth v. The Corporation*, 121 F.3d 956, 962–63 (5th Cir. 1997); *Canvas Records, Inc. v. Koch Entm't Distribution, LLC*, No. 07-cv-0373, 2007 WL 1239243, at *4 (S.D. Tex. Apr. 27, 2007); *Top Branch Tree Serv. & Landscaping v. Omni Pinnacle, LLC*, No. 06-cv-3723, 2007 WL 1234976, at *1 (E.D. La. Apr. 26, 2007); *Nayani v. Horseshoe Entm't*, No. 06-cv-1540, 2007 WL 1062561, at *6 (N.D. Tex. Apr. 10, 2007).  The defendant can prove unreasonableness by establishing one of the following: (1) the inclusion of the forum-selection clause into the written contract was the product of fraud or overreaching; (2) the party opposing enforcement of the clause "will for all practical purposes be deprived of his day in court" because of the extreme inconvenience or unfairness of the forum specified in the clause; (3) the law specified in the clause is fundamentally unfair and will cause plaintiff to be deprived of a remedy; or (4) enforcement of the clause would go against a strong public policy of the forum state.  *Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines*, 499 U.S. at 595; *The Bremen*, 407 U.S. at 12–13).  The defendant bears a "heavy burden of proof."  *Id.* (citing *The Bremen*, 407 U.S. at 17); *see also Mitsui & Co. (USA)*, *Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1998) ("The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [resisting party] of his day in court.").

Feingold has not met his substantial burden of rebutting the presumptive validity of the mandatory forum-selection clause.  There is no evidence of fraud or overreaching by Alliantgroup.  Requiring Feingold to defend Alliantgroup's claims in Texas is not so

inconvenient as to deprive him of his day in court. The Supreme Court has held that if the forum-selection clause is reasonable, the fact that it involves inconvenience and expense does not make it unenforceable. *Carnival Cruise Lines*, 499 U.S. at 590. Alliantgroup has a legitimate interest in litigating disputes arising from its employment agreements in the venue of its principal place of business.

Feingold's argument that this court lacks personal jurisdiction over him because the forum-selection clause is "illegal and against public policy" is unpersuasive. He contends that because the clause addresses subject-matter as well as personal jurisdiction, the Agreement attempts to "limit the inherent powers of courts in other states that may have jurisdiction over this matter and personal jurisdiction over the Defendant." (Docket Entry No. 29, at 8). Feingold cites cases holding that subject-matter jurisdiction cannot be conferred on the court by party agreement. These cases are inapposite. No challenge to this court's subject-matter jurisdiction is present. Any question as to the enforceability of the consent to subject-matter jurisdiction would not affect the consent to personal jurisdiction in Texas. Objections to personal jurisdiction, unlike subject-matter jurisdiction, may be waived. *See PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 460–61 (5th Cir. 2001). And the Agreement also provides that disputes will be resolved only in Houston, Harris County, Texas. A forum-selection clause alone, without a specific additional agreement as to personal jurisdiction, is sufficient evidence of consent to personal jurisdiction in the designated state. *See Kevlin*, 46 F.3d at 15 (finding that the defendant consented to personal jurisdiction in Texas by signing an agreement requiring the resolution

18

of disputes in Dallas County, Texas).

Feingold's reliance on *Rushmore Investment Advisors*, *Inc. v. Frey*, 231 S.W.3d 524 (Tex. App.—Dallas 2007, no pet.), and *Gustafson v. Provider HealthNet Services*, *Inc.*, 118 S.W.3d 479 (Tex. App.—Dallas 2003, no pet.), is therefore misplaced.   The agreements in those cases did not contain forum-selection clauses.  In *Rushmore*, the court held that the plaintiff lacked minimum contacts, in part, because the employment contract "did not contain a venue provision."  231 S.W.3d  at 530.  And in *Gustafson*, the confidentiality agreement that the plaintiff signed "made no reference to the State of Texas" and did not contain a forum-selection clause.  118 S.W.3d at 484.

Feingold's argument that the forum-selection clause is ambiguous because other provisions in the Employment Agreement refer to "a court of competent jurisdiction" is similarly unpersuasive.  The Agreement plainly states that "personal jurisdiction shall be had *solely* in the State of Texas" and that Houston would be the "*sole* venue" for resolving disputes.  (Docket Entry No. 33, Ex. A-1, Art. IX, ¶ F) (emphasis added).

This court finds that the forum-selection clause at issue is reasonable and enforceable.

## C.  The Fairness of Exercising Jurisdiction

In deciding whether it is fair and reasonable to require a nonresident defendant to litigate in Texas, a court must consider several factors: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental

substantive social policies.  *Central Freight Lines*, 322 F.3d at 384 (citations omitted); *Felch*

*v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 n.9 (5th Cir. 1996).  "Once a plaintiff

establishes minimum contacts between the defendant and the forum State, the burden of

proof shifts to the defendant to show that the assertion of jurisdiction is unfair and

unreasonable.  The defendant must make a 'compelling case.'"  *Central Freight Lines*, 322

F.3d at 384 (quoting *Burger King*, 471 U.S. at 477).

Feingold argues that "repeated trips and perhaps lengthy stays in Texas for litigation

purposes would constitute a prohibitive obstacle" because of his "relatively limited means."

(Docket Entry No. 29, at 10).  He claims that "undertaking extensive litigation approximately

1800 miles from his home against a large and well-funded corporate entity . . . would deprive

him of a fair chance to defend himself."  (*Id.*).  Feingold argues that Texas has only a

minimal interest in the case and that Massachusetts has a substantial interest.  None of these

arguments demonstrates that "traditional notions of fair play and substantial justice" would

be offended by asserting personal jurisdiction over Feingold in this case.  Feingold's claims

of inconvenience and unfairness amount to a "David versus Goliath" argument, which the

Fifth Circuit has rejected.  *See International Software Sys*, *Inc. v. Amplicon*, *Inc.*, 77 F.3d

112, 116 (5th Cir. 1996) ("[A] forum selection clause was upheld in *Carnival Cruise Lines*

even where the plaintiffs were individuals. ISSI's David verus Goliath argument is not

persuasive.").  While litigation in Texas may be inconvenient for Feingold, Alliantgroup

would be equally inconvenienced if required to litigate in Massachusetts.  Texas has an

interest in this litigation about a contract with a Texas company, that calls for a Texas forum,

20

and that requires the application of Texas law.  *Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. Unit A Aug. 1981); *Central Freight Lines*, 322 F.3d at 384–85 ("Texas would seem to have an interest in adjudicating its domiciliary's [claims] that is sufficient to satisfy Due Process concerns about traditional notions of fair play and substantial justice.").  It is not unfair to require Feingold to respond in Texas to an action on an Employment Agreement that he entered into with a Texas corporation and that specified a Texas forum and the application of Texas law.  Asserting personal jurisdiction over Feingold in this case does not offend traditional notions of fair play and substantial justice in light of Texas's interest in the case.  *See American Airlines*, *Inc. v. Rogerson ATS*, 952 F.Supp. 377, 381 (N.D. Tex. 1996) (holding that a nonresident defendant's consent to a Texas forum-selection clause, standing alone, was sufficient to satisfy the traditional notions of fair play and substantial justice).

## IV.    Conclusion

Feingold's motion to dismiss for lack of personal jurisdiction is denied.

SIGNED on April 24, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

21