IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0479 |
| | § | |
| JEFFREY FEINGOLD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION
GRANTING PRELIMINARY INJUNCTION**

Alliantgroup, L.P. ("Alliantgroup") applied for a preliminary injunction against Jeffrey Feingold ("Feingold"). Based on the pleadings, the briefs, the evidence introduced at the hearing, the arguments of counsel, and the applicable law, this court enters the following findings and conclusions.

A preliminary injunction requires that 'the applicant . . . show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.'" *Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 768 (5th Cir. 2007) (quoting *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003)).

Texas law applies. To be enforceable under Texas law, a noncompete covenant must be (i) ancillary to or part of an otherwise enforceable agreement at the time the agreement is made; (ii) to the extent it contains limitations as to time, geographical area, and scope of activity to be restrained,

reasonable, and must not (iii) impose a greater restraint than is necessary to protect the goodwill or other business interest of the promise. TEX. BUS. & COMM. CODE § 15.50.

Business goodwill and confidential or proprietary information are interests worthy of protection by a noncompete. *See Sheshunoff Management Services, L.P. v. Johnson*, 209 S.W.3d 644, 649 (Tex 2006). Knowledge of a unique customer base and of the needs of the employer's customers are also protectable interests. *See Stone v. Griffin Comm. & Security Systems, Inc.*, 53 S.W.3d 687, 694 (Tex.App.-Tyler 2001, no pet.). Information concerning payment rates may be considered a protectable interest. *See Teel v. Hospital Partners of America, Inc.*, No. H-06-cv-3991, 2008 WL 346377, *7 (S.D.Tex. Feb. 6, 2008). A reasonable geographic scope is generally considered to be the territory in which the employee worked for the employer. *See Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 660 (Tex.App.-Dallas 1992, no writ). If the geographical scope of the noncompete is unreasonably large, the court must reform the contract so that it is enforceable. TEX. BUS. & COMM. CODE § 15.51(c). Section 15.51 requires a court to reform a noncompete agreement if it is unreasonably broad in scope. TEX. BUS. & COMM. CODE § 15.51(c).

Alliantgroup has provided sufficient evidence that under the contract, as reformed consistent with § 15.50, it has a substantial likelihood of prevailing on the merits. Feingold has gone to work for a direct competitor, KLR, and continued to contact Alliantgroup customers he worked with while at Alliantgroup, in the geographic area in which he worked for Alliantgroup. That geographic area is Massachusetts, Rhode Island, and New York. Feingold is contacting clients who are existing or potential consumers of R & D tax credit services, the area in which he concentrated while working at Alliantgroup. It is likely that Alliantgroup will be able to show that Feingold breached the noncompete, as reformed to comply with § 15.51(c).

Pending dispositive motions or a trial on the merits, the court will reform the noncompete covenant to restrict the Covenant to Not Solicit, Article VII § B.1.(a), to apply only to clients with whom Feingold provided services or attempted to provide services while at Alliantgroup.

Alliantgroup has shown a substantial threat of irreparable harm because of the loss of goodwill and customers and from the likely disclosure of confidential information that Feingold acquired during his tenure at Alliantgroup. The irreparable harm need not be an existing injury; a strong threat of injury is sufficient. *See U.S. v. Emerson*, 270 F.3d 203 (5th Cir. 2001); 11A WRIGHT, MILLER & KANE 2D. § 2948.1 (2006). The use of an employer's confidential information and the possible loss of customers is sufficient to establish irreparable harm. *See, e.g., Unisource Worldwide, Inc. v. Valenti*, 196 F.Supp.2d 269, 280 (E.D.N.Y. 2002); *Ecolab Inc. v. Paolo*, 753 F.Supp. 1100, 1110 (E.D.N.Y. 1991). Feingold has intimate knowledge of Alliantgroup's clients and of its R & D tax credit services strategies. The loss of goodwill and customers is an unquantifiable risk because it is difficult to know how many former Alliantgroup clients Feingold might be able to solicit, in competition with Alliantgroup.

Restricting Feingold from contacting clients who he provided services or attempted to provide services on behalf of Alliantgroup, and from selling or offering to sell R & D tax credit services in competition with Alliantgroup, within the time and geographic restrictions, will result in minimal injury to Feingold. He will still be able to earn a living at his current employer in his chosen city.

Granting the preliminary injunction in this case will not disserve the public interest. Feingold will be able to continue working in his chosen field and earn his living at his new job, but Alliantgroup will retain the security that its confidential information will not be disclosed and its

goodwill squandered. Texas has clarified the public interest through its noncompete statute and, under that statute, enforcing reasonable noncompete agreements is within the public interest.

Because Alliantgroup has met the requirements for a preliminary injunction, the following order is entered.

Feingold, his officers, agents, servants, employees, and attorneys, and all persons acting in connect with him, are enjoined from the following acts:

• directly or indirectly soliciting – or assisting in soliciting – clients to whom Feingold provided services or attempted to provide services on behalf of Alliantgroup during his employment with Alliantgroup, to provide any services that Alliantgroup provided its actual clients or prospective clients. This restriction does not extend to any client relationships Feingold developed before becoming an Alliantgroup employee. This restriction extends to January 13, 2010 or further order of this court.

• directly or indirectly soliciting or diverting – or attempting to solicit or divert – from Alliantgroup, the business of any referring certified public accountant ("CPA") or prospective referring CPA of Alliantgroup, to whom Feingold had provided services or had attempted to provide services on behalf of Alliantgroup during his employment with Alliantgroup. This restriction does not extend to any relationship with a referring CPA Feingold developed before becoming an Alliantgroup employee. This restriction extends to January 13, 2010 or further order of this court.

• directly or indirectly providing, marketing, or selling – or attempting to provide, market, or sell – any Research & Development tax credit services in the States of Massachusetts, Rhode Island, or New York. This restriction extends to January 13, 2010 or further order of this court.

- using, publishing, or disclosing, or authorizing anyone else to publish or disclose, to any other person or organization, any of Alliantgroup's "pipelines," trade secrets, or confidential information, including, but not limited to, the identity of or information concerning Alliantgroup's clients or prospective clients, referring CPAs, or prospective referring CPAs.

Feingold must immediately return or disclose to Alliantgroup all documents and electronically stored information containing Alliantgroup's confidential business information or trade secrets or other company property, including, but not limited to, information concerning Alliantgroup's current clients, prospective clients, referring CPAs, and prospective referring CPAs.

Alliantgroup must post a bond in the amount of $1,000.00.

SIGNED on May 11, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge