**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALLIANTGROUP, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0479 |
| | § | |
| | § | |
| | § | |
| JEFFREY FEINGOLD, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This case has been marked by delays. Despite the time that has already lapsed, some additional time is needed for proper presentation and resolution of the pending motions.

**1.    The Motion for Contempt**

The plaintiff, Alliantgroup, L.P., moves to hold the defendant, Jeffrey Feingold, in contempt, based on an alleged violation of this court's May 11, 2009 injunction. (Docket Entry No. 70). To obtain this relief, Alliantgroup "must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995). Substantial compliance with a court order is a defense to civil contempt. *Balla v. Idaho State Board of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) (citation omitted).

Based on the present record, Alliantgroup has not met its burden. Alliantgroup argues that Feingold violated the preliminary injunction by soliciting an Alliantgroup client and by marketing R&D services to a Massachusetts CPA firm. (*See* Docket Entry Nos. 70-71). Feingold explains

that the Alliantgroup client contacted him to inquire about a billing issue with Alliantgroup because the client did not know that Feingold was no longer an Alliantgroup employee. (*See* Docket Entry No. 73 at 1-2). Feingold offers proof that he spoke with the client for only two minutes. (*See id.*, Ex. A). Feingold also explains that he contacted the Massachusetts CPA firm on January 11, 2010, because he mistakenly believed that the restrictions expired on that day. (*See id.* at 3-4). Feingold's mistake was based on his belief that the injunction was calculated from the date he resigned. (*See id.*).

Based on this record, Alliantgroup has not made the necessary showing for the relief it seeks. The motion for contempt (Docket Entry No. 70) is denied.

**2.    The Motion for Summary Judgment**

Feingold moved for summary judgment on all of Alliantgroup's claims. (Docket Entry No. 80). Alliantgroup filed a response. (Docket Entry No. 85). Alliantgroup moves to continue the submission of the motion and requests additional discovery under Federal Rule of Civil Procedure 56(f). (Docket Entry No. 83). Rule 56(f) provides that a court may order that other discovery be undertaken if a party shows that "it cannot present facts essential to justify its opposition." Alliantgroup argues that it cannot properly respond to the summary judgment motion unless it is allowed discovery to obtain the client list referred to in Feingold's February 3, 2009 email to Robert D'Andrea and Paul Oliveira. (*See* Docket Entry No. 83 at 4). The need for this limited, specific additional discovery meets the criteria for granting a brief continuance under Rule 56(f).

Feingold argues that Alliantgroup's request should be denied because it has had ample time to obtain discovery. (*See* Docket Entry No. 86 at 2). This argument is unpersuasive in light of Feingold's statement at the April 28, 2009 hearing that Alliantgroup had requested that he produce the client list and his testimony that he had not produced the list and had made little effort to locate

it. (Docket Entry No. 56 at 43-46). Feingold also argues that Alliantgroup's request for further discovery should be denied because Alliantgroup did not submit an affidavit as required by Rule 56. (*See* Docket Entry No. 86 at 3). The absence of an affidavit is not a basis to deny a continuance. "[S]o long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

Feingold is ordered to produce a copy of this list to Alliantgroup no later than October 29, 2010. Alliantgroup's motion for continuance, (Docket Entry No. 83), is granted; Alliantgroup must supplement its response to Feingold's motion for summary judgment by November 12, 2010, and Feingold's reply is due by December 3, 2010.

SIGNED on September 30, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge